UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAIN JONES,

    Plaintiff,

v.                                          Case No. 14-13153
                                                  Honorable Linda V. Parker

LYNN PARRISH, ET AL.,

    Defendants.

_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO SEVER (ECF NOS. 13, 16 & 40); (2) DISMISSING WITHOUT PREJUDICE CERTAIN CLAIMS AND DEFENDANTS; AND (3) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PERMANENT INJUNCITON (ECF NO. 17)**

On August 14, 2014, Plaintiff Tremain Jones ("Plaintiff") commenced this lawsuit against fifty-two defendants which include the Michigan Department of Corrections ("MDOC") and MDOC employees working at four of the correctional facilities where Plaintiff has been incarcerated.  In his Complaint, Plaintiff asserts twelve separate counts that claim violations of his federal constitutional rights, federal statutes, and state law.  The matter has been assigned to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(B).

On October 22, 2014, several defendants filed a motion to sever pursuant to Federal Rule of Civil Procedure 20. (ECF No. 13.) Additional defendants filed similar motions on November 17, 2014 and June 26, 2015. (ECF Nos. 16, 40.) Plaintiff has filed a response to two of the motions. (ECF No. 24.) Plaintiff also filed a motion for a temporary restraining order ("TRO") and a permanent injunction on November 24, 2014. (ECF No. 17.) That motion has been fully briefed, although Plaintiff's reply brief was filed a month after it was due. (ECF Nos. 26, 30.)

On August 12, 2015, Magistrate Judge Patti issued a R&R, recommending that the Court grant in part and deny in part the motions to sever. (ECF No. 41.) Magistrate Judge Patti concludes that Plaintiff has improperly joined counts in his Complaint which relate to an October 22, 2011 event while housed at the Bellamy Creek Correctional Facility with counts that arise from unrelated conduct that occurred at other MDOC facilities, involving defendants different from those individuals associated with the October 22 incident. Specifically, Magistrate Judge Patti recommends that the Court sever and dismiss without prejudice Counts Six, Seven, and Nine, in full, and Counts Eight, Ten, Eleven, and Twelve to the extent they do not relate to the events described in Counts One through Five of the Complaint. Magistrate Judge Patti further recommends that the action proceed against only MDOC and the defendants at the Bellamy Creek Correctional Facility.

On August 14, 2015, Magistrate Judge Patti issued a second R&R, recommending that the Court deny Plaintiff's motion for a TRO and permanent injunction. (ECF No. 42.) Magistrate Judge Patti concludes that Plaintiff's request is moot to the extent he seeks injunctive relief from prison facilities where he no longer is incarcerated or MDOC employees at those facilities. Magistrate Judge Patti also concludes that the factors relevant to decide whether a TRO and preliminary injunction should issue do not weigh in favor of an injunction. Assuming that the Court would accept his earlier R&R and sever Plaintiff's claims related to the Bellamy Creek Correctional Facility from Plaintiff's other claims, Magistrate Judge Patti further concludes that the issuance of an injunction at this stage will not "preserve the relative positions of the parties."

At the conclusion of both R&Rs, Magistrate Judge Patti advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (ECF No. 41 at 13-14; ECF No. 42 at 20-21.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) According to certificates of service, copies of Magistrate Judge Patti's R&Rs were mailed to Plaintiff at the Gus Harrison Correctional Facility in Adrian, Michigan, on the date the R&Rs were filed.

Less than a week later, however, the Court received a notice from Plaintiff indicating that his address had changed as a result of his transfer to a different MDOC facility. (ECF No. 43.) The notice states that Plaintiff was transferred to

the Ojibway Correctional Facility in Marenisco, Michigan on August 14, 2015. (*Id*.) The notice is signed and dated on the same date as Plaintiff's transfer. This Court, therefore, sent additional copies of Magistrate Judge Patti's R&Rs to Plaintiff at his new address on September 3, 2015. On the same date, the Court also entered an order granting Plaintiff an additional fourteen days to file any objections that he may have to the R&Rs. (ECF No. 44.) Plaintiff's objections, signed and dated August 20, 2015, were received by the Court on September 15, 2015. (ECF No. 45.)

In his objections, Plaintiff argues that he properly joined his claims against the various defendants because they "acted in concert" to intentionally injure him and continue to retaliate against him. (*Id*. at Pg ID 938.) Plaintiff's Complaint, however, is devoid of any factual allegations suggesting that the varied Defendants-- employed by MDOC to work in different prison facilities-- conspired to violate Plaintiff's rights. Plaintiff contends that Defendants continue to retaliate against him and "went out of their way to intentionally harm and injure" him. (*Id*. at Pg ID 938-39.) Even if true, this does not support the joinder of Plaintiff's claims against Defendants. Plaintiff does not assert an objection to Magistrate Judge Patti's analysis of his request for injunctive relief.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Patti. The Court therefore rejects Plaintiff's objections to the R&R and adopts Magistrate Judge Patti's August 12 and 14, 2015

R&Rs (ECF Nos. 41, 42.) Consistent with Magistrate Judge Patti's recommendation, the Court is: (1) granting Defendants' motion to sever and dismissing without prejudice Plaintiff's Counts Six, Seven, and Nine in full and Counts Eight and Ten through Twelve to the extent they *do not* relate to Counts One through Five; (2) dismissing all but the MDOC and Bellamy Creek Correctional Facility Defendants; (3) denying Defendants' motion to sever to the extent they seek dismissal of Counts Eight and Ten through Twelve to the extent they *do* relate to Counts 1-5; and (3) denying Plaintiff's motion for injunctive relief.

Accordingly,

**IT IS ORDERED**, that Defendants' motions to sever (ECF Nos. 13, 16 & 40) are **GRANTED IN PART AND DENIED IN PART** in that Counts Six, Seven, and Nine of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE** and the following individuals are **DISMISSED AS PARTIES** to this action:

| | | |
|---|---|---|
| Linda Beckwith | Jay Bugbee | Sherman Campbell |
| K. Christiaens | Mike Curley | D. Evans |
| Brian Evers | E. Frye | Randall Haas |
| William Haddix | R. Hall | Shaheedah L. Hardwick |
| Susan Havelka | Robin Howard | A. Jones |
| Forest Williams | G. King | Paul D. Klee |
| T. Long | D. Maynard | K. McConnell |

5

| | | |
|---|---|---|
| Mark McCullick | Lee McRoberts | D. Messer |
| Robert Nichols | Mark Olsen | Lloyd Rapelja |
| Steve Rivard | S. Robinson | Kennth A. Romanowski |
| D. Smith | A. Spangler | Darrell Steward |
| Robert Stone | S. Tolley | Sara Stringer-Hill |
| Lisa A. Walsh | Wright Wade | Kristine VanHaften |

**IT IS FURTHER ORDERED**, that Plaintiff's motion for temporary restraining order and a permanent injunction (ECF No. 17) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 25, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 25, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager